# UNITED STATES DISTRICT COURT
# SOUTHERN OHIO DISTRICT
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             CASE NO.: 2:10-CR-333
                                       2:09-68(15)-VBF-CDCA
                                JUDGE GEORGE C. SMITH

CHRISTOPHER J. KLEIN,

    Defendant.

## ORDER

The restitution issue in this case is back before the Court after the United States Court of Appeals for the Sixth Circuit vacated the previous restitution order of this Court and remanded the case with instructions to reconsider and recalculate the restitution amount in light of *United States v. Gamble*, 709 F.3d 541 (6th Cir. 2013). The Sixth Circuit stated in *Gamble*, "[g]iven the heavily factual nature of restitution and our recitation of the applicable standard, it is most just in these cases to give the district courts the discretion to admit new evidence or argument." *Id.* at 555-56. The Court allowed the parties to submit supplemental sentencing memoranda on the restitution issue.

Both the Defendant and the Government agree that the Sixth Circuit law is now clear that "[i]n order for restitution to be granted under 18 U.S.C. § 2259, the Government must show that the costs incurred by the victim were proximately caused by the defendant's offense." *Gamble*, 709 F.3d at 546. Additionally, both parties agree that the law of the case doctrine applies and the Court is precluded from reexamining its findings regarding proximate causation. *See Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998).

The Court previously noted in its opinion on the restitution issue that the primary issue in this case was the proximate causation between Defendant Klein's conduct and "Amy's" losses. (Doc. 44 at 12). After considering the arguments of counsel, the Court held that "there was no evidence presented in the briefs or during the hearing on this matter to prove how much of the victim's harm, or what amount of her losses, were proximately caused by Defendant's conduct in this case." (*Id*. at 12). In light of the Court's previous ruling that the Government failed to establish proximate cause between the Defendant's offenses and the victim's harm, the Court denies any restitution award for the victim.

The Clerk of this Court is hereby instructed to amend the Court's previous Judgment and Commitment Order to reflect that no restitution shall be due in this case.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**